## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Antonio Prophet,**
**Petitioner Below, Petitioner**

**v.)  No. 25-131** (Berkeley County CC-02-2015-C-66)

**Jonathan Frame, Superintendent,**
**Mount Olive Correctional Facility and Jail,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Antonio Prophet appeals the Circuit Court of Berkeley County's September 20, 2024, order denying his motion for an evidentiary hearing and his motion to obtain relief from judgment of the circuit court's earlier order denying his petition for a writ of habeas corpus.[1] Mr. Prophet argues that his substantive and procedural due process rights were violated when the circuit court summarily denied his habeas petition without a hearing. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Mr. Prophet is serving a term of life imprisonment for his conviction of the first-degree murder of his girlfriend, Angela Devonshire; a term of life imprisonment for his conviction of the first-degree murder of Ms. Devonshire's three-year-old son; and a term of twenty years of imprisonment for his conviction of first-degree arson. These sentences were ordered to run consecutively. Following his 2012 conviction, Mr. Prophet filed a direct appeal with this Court, arguing (1) insufficient evidence; (2) improper cross-examination of Mr. Prophet regarding a novel written by him; (3) improper comments by the prosecutor on Mr. Prophet's post-arrest silence; (4) erroneous refusal to give an instruction proffered by Mr. Prophet; (5) the prosecutor's use of allegedly perjured testimony; (6) prosecutorial misconduct; and (7) judicial misconduct. *State v. Prophet*, 234 W. Va. 33, 762 S.E.2d 602 (2014) ("*Prophet I*"). This Court rejected these assignments of error and affirmed Mr. Prophet's convictions. *Id.* at 40-47, 762 S.E.2d at 609-16.

In February 2015, Mr. Prophet filed a petition for a writ of habeas corpus. The circuit court determined that Mr. Prophet's self-represented petition was "not sufficient" for a fair adjudication on the listed grounds for relief and, accordingly, appointed habeas counsel, who filed an amended petition requesting that Mr. Prophet's self-represented petition be incorporated by reference. By

---

[1] Mr. Prophet is a self-represented litigant. The respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Holly M. Mestemacher.

order dated June 24, 2015, the circuit court summarily dismissed twenty-two of Mr. Prophet's grounds for relief,[2] but directed the respondent to file an answer regarding Mr. Prophet's claim of ineffective assistance of counsel and his request for a new trial due to the cumulative effect of ineffective assistance of counsel. After receiving the respondent's answer, the court determined that the matter had been fully briefed and concluded that an evidentiary hearing would not aid the court in adjudicating Mr. Prophet's ineffective assistance of counsel claims. The habeas court found that neither Mr. Prophet's trial counsel nor his appellate counsel was ineffective, and this Court affirmed the habeas court's denial of Mr. Prophet's habeas petition. *Prophet II*, 2016 WL 3461175, at *2-3.[3]

Thereafter, in May 2024, Mr. Prophet filed a "Motion to Obtain Relief from Final Judgment of Order of the Court under Rule 60(b)" and a "Motion for a Full and Fair Evidentiary Hearing," seeking relief from the order denying his first habeas petition on the basis of "fraud on the court." By order entered September 20, 2024, the circuit court denied Mr. Prophet's motions, finding that they had not been filed within a reasonable time after the 2015 order denying his first habeas petition had been entered; that the order was not void, nor had it been vacated; and, further, that the evidence presented by Mr. Prophet in support of his claims did not establish any fraud. The court concluded that Mr. Prophet failed to demonstrate that he was entitled to relief from the operation of the prior judgment or that he was entitled to an evidentiary hearing, particularly given that this Court had rendered a final judgment on Mr. Prophet's first habeas petition in *Prophet II*.

Mr. Prophet now appeals, and we review the court's order denying his Rule 60(b) motion for an abuse of discretion. *See* Syl. Pt. 2, *Yurish v. Sinclair Broad. Grp., Inc.*, 246 W. Va. 91, 866 S.E.2d 156 (2021) (holding that a circuit court's ruling on a Rule 60(b) motion "will not be

---

[2] *See Prophet v. Ballard*, No. 15-1092, 2016 WL 3461175, at *2 (W. Va. June 21, 2016) (memorandum decision) (affirming circuit court's summary denial of Mr. Prophet's claims: (1) requesting reversal of *Prophet I*; (2) undue media coverage influenced the jury; (3) the trial court erred in denying his motions to strike two jurors for cause; (4) insufficient evidence; (5) improper questioning by the prosecutor regarding Mr. Prophet's post-arrest silence; (6) erroneous failure to exclude evidence of Mr. Prophet's novel; (7) prosecutor's use of allegedly perjured testimony; (8) erroneous refusal to give an instruction proffered by Mr. Prophet; (9) prosecutorial misconduct; (10) judicial misconduct; (11) mental competency at the times of the offenses; (12) mental competency to stand trial; (13) suppression of exculpatory evidence; (14) prosecutorial falsification of transcript; (15) lack of preliminary hearing; (16) unfair grand jury composition and procedure; (17) defective indictment; (18) improper venue; (19) undue pre-indictment delay; (20) refusal to subpoena witnesses; (21) refusal to disclose witness notes following the witness's testimony; and (22) improper use of informants) ("*Prophet II*").

[3] Mr. Prophet filed a second petition for a writ of habeas corpus focusing on ineffective assistance of his counsel at trial, on appeal, and in his first habeas, which the circuit court denied. Mr. Prophet then filed a motion to alter or amend the court's order denying his habeas petition, which the circuit court also denied. Mr. Prophet appealed the circuit court's order denying his motion to alter or amend, and this Court recently affirmed the order. *See State v. Prophet*, No. 24-604, 2016 WL 1823390 (W. Va. June 24, 2026) (memorandum decision) ("*Prophet III*").

disturbed on appeal unless there is a showing of an abuse of such discretion"). Further, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

On appeal, Mr. Prophet generally assigns as error the court's decision to deny his Rule 60(b) motion and his motion for an evidentiary hearing. Mr. Prophet raises various unclear arguments pertaining to an alleged conspiracy between his former attorneys, the prosecutor, and the circuit court to deprive him of his constitutional rights and to deprive him of an evidentiary hearing on these allegations. Mr. Prophet asserts that, contrary to the court's findings, he did present evidence of "fraud on the court" warranting relief under Rule 60(b), including trial transcripts demonstrating that his trial counsel and the circuit court were working in concert to prejudice Mr. Prophet's case and a docket sheet demonstrating that the circuit court clerk collaborated with Mr. Prophet's trial counsel to prevent the filing of his self-represented motion for a new trial, among other things.

Upon our review, we find no abuse of discretion in the circuit court's denial of Mr. Prophet's Rule 60(b) motion. We have held that

> Rule 60(b) of the West Virginia Rules of Civil Procedure provides a basis for relieving a party from a final judgment upon the following grounds: (1) mistake, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) any other reason justifying relief. The motion for relief must be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than [one year] after the judgment order was entered.

Syl. Pt. 1, *Savas v. Savas*, 181 W. Va. 316, 382 S.E.2d 510 (1989). The "first step under Rule 60(b) is to determine whether the relief was timely sought." *Carl A. v. Deborah A.*, 248 W. Va. 69, 74, 887 S.E.2d 54, 59 (2023). To that end, we have held that

> [w]hen a court undertakes to analyze a Rule 60(b) motion based on grounds (1), (2), (3), or (6) of the Rule, it must determine first if the motion has been filed within [one year] after the judgment was entered and then determine, under all the circumstances, if it was filed within a reasonable time.

*Savas*, 181 W. Va. at 317, 382 S.E.2d at 511, Syl. Pt. 2.

Mr. Prophet's Rule 60(b) motion argued "fraud on the court" as a basis for granting relief, but referenced grounds (4), (5), and (6). First, we find no abuse of discretion in the court's determination that the portion of Mr. Prophet's Rule 60(b) motion predicated on grounds (4), (5), and (6) was not filed within a reasonable time after the entry of the order denying his first habeas petition. His motion was filed nine years after entry of the judgment from which he sought relief— well outside the one-year time frame for ground (6) and, under the circumstances of this case, unreasonably late for grounds (4) and (5) given that his claims as described in his motion were admittedly "apparent on the face of the record the entire time." Moreover, as noted by the circuit

3

court, even if the motion was timely, Mr. Prophet failed to demonstrate the judgment is void or that it has been vacated under these grounds.

Second, to the extent that Mr. Prophet's motion raised a question of "fraud upon the court," which has no time limit for filing, *see Savas*, 181 W. Va. at 317, 382 S.E.2d at 511, Syl. Pt. 4, we agree with the circuit court's finding that no fraud occurred. During the proceedings below and on appeal to this Court, Mr. Prophet's arguments twist the facts to support his confusing theory that "there is a secret, criminal element looming large within the West Virginia judicial system" that is made up of "court officers and legal experts" who are, among other things, "dead-set on weakening the fundamental fabric [of] our country [and] undermining the sanctity of our U.S. Constitution[.]" The arguments and documentation relied upon by Mr. Prophet simply do not support a finding of fraud or a nefarious conspiracy to deprive him of his constitutional rights; rather, Mr. Prophet's arguments are nothing more than bald, unsupported assertions. *See State v. Benny W.*, 242 W. Va. 618, 629, 837 S.E.2d 679, 690 (2019) (stating that "[a] party [cannot] establish facts in a case by asserting them in a brief. Those are nothing more than [a litigant's] statements, which are not evidence" (quoting *City of Helena v. Whittinghill*, 219 P.3d 1244, 1248 (Mont. 2009))). Accordingly, we find no abuse of discretion in the circuit court's denial of Mr. Prophet's Rule 60(b) motion on the basis of fraud upon the court.

Lastly, Mr. Prophet argues that the circuit court erred in denying his Rule 60(b) motion without conducting a hearing in which he could present evidence in support of his claims. While when there "is a conflict as to the facts on whether there is a ground to set aside the judgment, the trial court should hold a hearing to resolve the disputed facts," *see* Syl. Pt., in part, *Meadows v. Daniels*, 169 W. Va. 237, 286 S.E.2d 423 (1982), here, the circuit court considered the evidence addressed by Mr. Prophet in his motion and found that he failed to demonstrate any fraud. Under the circumstances of this case, we cannot conclude the court abused its discretion by not conducting an evidentiary hearing on this claim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

4